IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

VERNON NEAL                                                                                          PETITIONER

V.                                                                                       NO. 1:05CV199-MPM-JAD

JOHNNY CROCKETT, ET AL.                                                                     RESPONDENTS

REPORT AND RECOMMENDATION

The court has considered the respondents' motion to dismiss the petition for habeas corpus as untimely. The petitioner has not responded to the motion.

The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d) sets the time limits for the filing of a federal habeas petition by state prisoners. The AEDPA, with narrow exceptions, requires a petitioner's federal habeas corpus petition be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in the state courts.[1]

Vernon Neal pled guilty to the sale of cocaine in the Circuit Court of Oktibbeha County, Mississippi. Neal was sentenced on January 30, 2002. Neal's judgment became final on March 1, 2002, thirty (30) days after he was sentenced on his guilty.

On July 8, 2002, Neal filed a "Motion for Post Conviction Collateral Relief" in Oktibbeha County Circuit Court. Of the one year time limit, 129 days expired before the filing of the state petition. This application was denied by the trial court on October 24, 2002. Neal's motion for an

---

[1]28 U.S.C. § 2244(d)(D)(1)(B-D) provides certain exceptions to the one year statute. Those exceptions are not applicable here.

out-of time appeal was granted. On August 3, 2004, the Mississippi Court of Appeals affirmed the lower court's denial of relief . On that date, tolling ended. Neal had an additional 236 days or until March 28, 2005 in which to file his federal petition. [2]

Under the "mailbox rule," a petitioner's *pro se* federal habeas petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401(5th Cir. 1999). Neal's petition was "filed" not earlier than August 8, 2005, the date it was signed. Neal's petition was filed well after the running of the one year statute.[3]

The undersigned therefore recommends that the petition be dismissed with prejudice as time barred under the one-year statute of limitation provision of the AEDPA.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the

---

[2] One day is added to the period due to the last date falling on Sunday.

[3] Neal cites no " rare and exceptional" circumstance to warrant equitable tolling

dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 1st day of November, 2005.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE